IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

EUGENE VERNON HARRIS,            :
                                 :
    Plaintiff,                   :
                                 :
v.                               :
                                 :       1:13-CV-87 (WLS)
MARINE CORPS LOGISTIC BASE       :
OF ALBANY, GA,                   :
                                 :
    Defendant.                   :
                                 :

## ORDER

Presently pending before the Court is Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2). On May 1, 2013, Plaintiff filed a Complaint in the above-captioned matter, seeking compensation for injuries sustained as a result of chemical exposure while performing his duties as an employee on the Marine Corps Logistics Base in Albany, Georgia. (Doc. 1.) On October 30, 2012, the United States Department of Labor issued a Notice of Decision, denying Plaintiff's claim for benefits under the Federal Employees' Compensation Act ("FECA"). (Doc. 1-2.)

Construing Plaintiff's allegations as a suit challenging this denial, on July 9, 2013, the Court issued an Order informing Plaintiff that his complaint, as pleaded, fails to allege a basis for establishing the Court's jurisdiction to review the Secretary of Labor's decision to deny his benefits. (Doc. 5.) However, rather than dismissing Plaintiff's claim immediately for lack of subject-matter jurisdiction, the Court gave Plaintiff's thirty days to amend his complaint to include any facts and legal theories that could serve as the basis for the Court's subject-matter jurisdiction. (*Id.*) On July 22, 2013, Plaintiff filed an amendment to his Complaint. (Doc. 6.) Therein, Plaintiff merely stated that he

is "not filing a FECA case" and is requesting that the Court "grant the relief [he] seek[s]." (*Id.*)  The Court finds that Plaintiff's amendment fails to create any basis for the Court's subject-matter jurisdiction.

As the Court's noted in its June 20, 2013 Order, FECA is the comprehensive and exclusive workers' compensation scheme for federal civilian employees injured while performing their work duties.  *Gilmore v. Director, U.S. Dept. of Labor*, 455 F. App'x 934, 936 (11th Cir. 2012) (additional citation omitted).  Judicial review of the Secretary of Labor's decision allowing or denying an award of benefits under FECA is precluded except in very limited circumstances: when (1) a clear statutory mandate or prohibition has been violated, or (2) there is a colorable constitutional claim  *Id.*  Plaintiff has not alleged any facts showing that either of these circumstances is present.  Accordingly, Plaintiff's Complaint (Docs. 1, 6) is **DISMISSED** for lack of subject-matter jurisdiction.  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also University of South Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.")

**SO ORDERED**, this  31st  day of July, 2013.

/s/    W. Louis Sands  
**THE HONORABLE W. LOUIS SANDS,**  
**UNITED STATES DISTRICT COURT**